FILED

2003 OCT 17 P 2: 37

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ATLANTIC MUTUAL INSURANCE CO.
a/s/o A.G. EDWARDS & SONS, INC.,

          Plaintiff

v.

LIGHTOLIER, a division of GENLYTE
THOMAS GROUP, L.L.C.

          Defendant      CASE NO. 3:01 CV 197 (AHN)

and

SEACO INSURANCE COMPANY a/s/o
CORNER HOUSE ASSOCIATES, LLP

          Plaintiff

v.

LIGHTOLIER, a division of GENLYTE
THOMAS GROUP, L.L.C.

          Defendant      OCTOBER 16, 2003

### MOTION FOR CONTINUANCE OR IN THE ALTERNATIVE, MOTION TO PRECLUDE DEFENDANT'S LATE-DISCLOSED WITNESSES

The plaintiff, Seaco Insurance Company, hereby moves the Court to preclude the testimony of the defendant's witnesses, Mete Kantar, Robert Wedekind and Michael O'Boyle, on the grounds that these witnesses were late disclosed. In the alternative, the defendant seeks a continuation of the trial date so that discovery of these witnesses can be conducted and additional expert testimony to rebut these witnesses can be developed by the plaintiff.

1

I.  **FACTS**

The defendant, by way of supplemental disclosure dated October 2, 2003, identified Mete Kanta, Robert Wedekind and Michael O'Boyle as witnesses who may be called to testify in the defense of this matter. All of these individuals are apparently senior Lightolier employees. Upon receipt of the supplemental disclosure, the plaintiff contacted defense counsel and arranged for depositions of Mr. Wedekind and Mr. O'Boyle to take place on November 3, 2003. Apparently, Mr. Kantar is out of the county and will be unavailable for his deposition.

On October 8, 2003, this Court issued a pretrial order assigning this matter for jury selection on November 24, 2003.

II. **ARGUMENT**

The plaintiff hereby requests that the defendant be precluded from offering the testimony of Mr. Kantar, Mr. Wedekind and Mr. O'Boyle on the grounds that their late disclosure has caused substantial prejudice to the plaintiff as it prepares for this matter. All three individuals are senior employees of Lightolier. It is unconceivable that the defendants only just now identified either these employees or the subject matter on which they will be able to testify. Because of this inexcusable delay, the plaintiff will not be able to secure the testimony of two of these witnesses until three weeks prior to the actual trial date set forth in the Court's Pretrial Order and may not be able to depose Mr. Kantar until trial starts. This will prevent the plaintiff from having any opportunity to develop rebuttal testimony, including testimony by expert witnesses on issues raised during the depositions of these three senior Lightolier employees.

2

WHEREFORE, the plaintiff respectfully requests that the Court preclude the defendant from offering the testimony of these individuals who could have previously been disclosed. In the alternative, the plaintiff seeks a continuance of approximately sixty (60) days, within which time the plaintiff will have an opportunity to assess the deposition testimony and, if necessary, secure rebuttal evidence.

THE PLAINTIFF
SEACO INSURANCE COMPANY
a/s/o CORNER HOUSE ASSOCIATES, LLP

By_____
Joel M. Fain-CT Federal Bar #05425
Robert W. Cassot-CT Federal Bar #24094
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
(860) 616-4441

3

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was mailed, postage prepaid, to the following counsel of record this 16th day of October, 2003:

Frederick B. Tedford, Esquire
Tedford & Henry, LLP
750 Main Street
Hartford, CT 06106

Justin J. Donnelly, Esquire
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 3216
Windsor Locks, CT 06096

_____
Robert W. Cassot

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459