**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SEACO INSURANCE COMPANY a/s/o | : | |
| CORNER HOUSE ASSOCIATES, LLP, | : | CASE NO. 3:01 CV 197 (AHN) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LIGHTOLIER, a division of GENLYTE | : | |
| THOMAS GROUP, LLC, | : | |
| | : | |
| Defendant. | : | MARCH  30, 2004 |

## DEFENDANT LIGHTOLIER'S PRELIMINARY REQUESTS TO CHARGE

Pursuant to Federal Rule of Civil Procedure 51, the defendant, Lightolier, a division of

Genlyte Thomas Group, LLC ("Lightolier"), by and through its attorneys, Tedford & Henry,

LLP, hereby files its Preliminary Requests to Charge.  In filing these requests, the defendant does

not waive, and specifically reserves, the right to amend, substitute, or withdraw any of these

requests, or file additional requests, up to the time of the charge conference.

**PRELIMINARY REQUESTS TO CHARGE**

FIRST PRELIMINARY REQUEST TO CHARGE – ALTERATION OR MODIFICATION:

I will now instruct on the concept of product alteration or modification. A product seller shall not be liable for harm that would not have occurred but for the fact that the product was altered or modified by a third party unless: (1) the alteration or modification was in accordance with the instructions or specifications of the product seller; or (2) the alteration or modification was made with the consent of the product seller; or (3) the alteration or modification was the result of conduct that should reasonably have been anticipated by the product seller. Alteration or modification includes changes in the design, formula, function, or use of the product from that originally designed, tested, or intended by the product seller.

As I have previously instructed you, in a products liability action, the plaintiff, Seaco Insurance Company, bears the burden of proving that the product in question, the light fixture, was intended to and did reach the consumer without substantial change in condition. If, after the plaintiff makes such a showing, the defendant produces evidence of a change to his product, that is, a modification or alteration that was the sole proximate cause of the plaintiff's harm, the burden then shifts back to the plaintiff to disprove the alleged substantial change. In this regard, the plaintiff must prove that the harm in question would have occurred not withstanding the alteration or modification of the product.

The plaintiff may also defeat the defense of alteration or modification if it can establish that the alteration or modification: (1) was in accordance with the manufacturer's instructions or specifications; (2) was made with the manufacturer's consent; or (3) was the result of conduct that the manufacturer reasonably should have anticipated. At all times the ultimate burden of

2

persuasion that the product reached the ultimate consumer without substantial change remains with the plaintiff.

In the present case, the defendant has introduced evidence that the light fixture was installed improperly by an unknown installer with respect to the surrounding insulation, a third party who is not a party to this case. If you find that this improper installation constituted an alteration or modification of the light fixture and that, if not for the improper installation, the fire would not have occurred, you must find in favor of the defendant, Lightolier. If, however, the plaintiff proves by a preponderance of the evidence that the fire would have occurred even if the fixture had been properly installed, then alteration or modification of the fixture does not provide a defense, and you must find for the plaintiff. Alternatively, if the plaintiff proves that the improper installation was in accordance with the defendant's instructions or specifications, or if the improper installation was made with the defendant's consent, or if the improper installation was the result of conduct that the defendant reasonably should have anticipated, again you must find for the plaintiff. I should remind you at this time that there has been no evidence produced by the plaintiff that the improper installation was done in accordance with the defendant's instructions or specifications, or that the improper installation was made with the defendant's consent.

Conn. Gen. Stat. § 52-572p (Rev. 1999).
Potter v. Chicago Pneumatic Tool Company, 241 Conn. 199, 237 (1997).

SECOND PRELIMINARY REQUEST TO CHARGE -- STATE OF THE ART:

If you find that the defendant's light fixture was engineered/manufactured using state of the art technology, then you cannot find the defendant liable.  State of the art is defined as the level of scientific and technological knowledge existing at the time the product in question was designed for manufacture.  A manufacturer cannot be held to standards that exceed the limit of scientific advances and technology existing at the time of manufacture and, therefore, the defendant cannot be found liable if it has proven compliance with the state of the art.

Potter v. Chicago Pneumatic Tool Company, 241 Conn. 199, 237 (1997).

THIRD PRELIMINARY REQUEST TO CHARGE – COMPARATIVE RESPONSIBILITY:

I will now instruct on the concept of comparative responsibility. In any product liability claim, the comparative responsibility of the plaintiff (or, in this case, the plaintiff's insured as the plaintiff "steps into the shoes" of its insured) shall be considered if you find the defendant liable for the damages allegedly sustained by the plaintiff. Under the law applicable to this case, the plaintiff's insured is under a duty to exercise reasonable care in its conduct concerning the subject light fixture. While the law does not allow for the elimination of a defective product manufacturer's liability under a comparative responsibility analysis, the law does allow for a reduction of that liability in proportion to the plaintiff's insured's liability. If you find that the plaintiff's insured failed to utilize reasonable care in whatever respect, then the comparative responsibility of the plaintiff's insured shall diminish the award of compensatory damages proportionally, according to the measure of responsibility attributed to the plaintiff's insured.

In this case, you have heard evidence as to the plaintiff's insured's actions or omissions upon observing a flickering condition with respect to the subject light fixture prior to the fire. If you find that such actions or omissions constituted a failure to utilize reasonable care, then you shall assign a percentage or responsibility to that conduct and you shall reduce whatever award given to the plaintiff, if any, by that percentage of responsibility.

Conn. Gen. Stat. §52-572o (Rev. 1999).

FOURTH PRELIMINARY REQUEST TO CHARGE – MISUSE OF PRODUCT:

I will now instruct on the concept of misuse.  A product seller shall not be liable for harm that would not have occurred but for the fact that the product was misused by the plaintiff's insured.  Misuse occurs when a product is not used in a manner which should have been foreseen by a manufacturer, or is used in a manner which could not have been foreseen by the manufacturer.  The defense of misuse is separate and distinct from the defense of alteration by a third-party, and should be considered separately and independently.

In this case, you have heard evidence as to how the subject light fixture was installed, and what the manufacturer's instructions were with respect to installation.  If you find that the product was misused, and that the misuse was a proximate cause of the subject fire, then that is a complete defense for the defendant as to the plaintiff's claims, and you should find in favor of the defendant.

Elliot v. Sears, Roebuck & Co., 229 Conn. 500 (1994);

Hoelter v. Mohawk Services, Inc., 170 Conn. 495 (1976).

Date:   March 30, 2004                          Respectfully submitted,


_____
Brian P. Henry (ct21109)
Tedford & Henry, LLP
750 Main Street, Suite 510
Hartford, Connecticut   06103
Phone: (860) 293-1200
Fax:    (860) 293-0685
Email: ftedford@tedfordhenry.com

Attorneys for the Defendant


## **CERTIFICATION**

        I hereby certify that a copy of the foregoing was served, via U.S. Mails, proper postage affixed, on this 30th day of March, 2004, to all counsel and *pro se* parties of record addressed to the following:

Robert W. Cassot, Esq.
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT   06103


_____
Brian P. Henry