UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ATLANTIC MUTUAL INSURANCE CO.
a/s/o A.G. EDWARDS & SONS, INC.,

       Plaintiff

v.

LIGHTOLIER, a division of GENLYTE
THOMAS GROUP, L.L.C.

      Defendant   CASE NO. 3:01 CV 197 (AHN)

and

SEACO INSURANCE COMPANY a/s/o
CORNER HOUSE ASSOCIATES, LLP

       Plaintiff

v.

LIGHTOLIER, a division of GENLYTE
THOMAS GROUP, L.L.C.

      Defendant   APRIL 2, 2004

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANT FROM INTRODUCING TESTIMONY REGARDING COMPLIANCE WITH UL STANDARDS

The Plaintiff respectfully moves to preclude the Defendant's witnesses from testifying about Underwriter's Laboratories ("UL") testing of the alleged defective light fixture or the light fixture's compliance with UL standards because any testimony regarding UL testing or UL compliance is inadmissible hearsay and does not qualify under any hearsay exceptions.

1

## I. FACTUAL BACKGROUND

This case arises out of a fire, which occurred on December 28, 1999, at 4 Main Street in Farmington, Connecticut. The Plaintiff insured the owner of the property located at 4 Main Street. Following the fire, the Plaintiff compensated its insured for its losses sustained in the fire, and brought this subrogation action against the Defendant by filing a Complaint on December 21, 2001 alleging, principally, that the Defendant manufactured and distributed a defective fixture that caused the fire and damages in this case.

In the Defendant's prior motion to preclude Mr. Haynes, the Plaintiff's expert, the Defendant offered the affidavit from a Lightolier employee, Michael O'Boyle as well as the affidavit from John Machnicki, an employee of Lightolier's insurer. From those affidavits, and the arguments the Defendant offered in its motion, it is clear that the Defendant intends to offer evidence of UL standards and UL test results to establish the fixture in question was safe. The Plaintiff, therefore, moves *in limine* to preclude such testimony on the grounds UL standards, and results of UL testing are hearsay. The Defendant should not be permitted to circumvent the hearsay rules by having their witnesses testify to those results and standards.

## II. ARGUMENT

The Defendant's witnesses should be precluded from testifying at trial regarding UL testing of the alleged defective light fixture or the light fixture's compliance with UL standards because such testimony is inadmissible hearsay and does not qualify under any hearsay exceptions. This Circuit has long banned expert testimony when it is used as a conduit for smuggling hearsay to the jury, as the Defendant intends to do here. For example, in Hutchinson

2

v. Groskin, 927 F.2d 722 (2d Cir. 1991), the Second Circuit held that it was reversible error to allow the defendant's expert to testify regarding another expert's opinion, where that expert was not available for cross-examination by the plaintiff. Hutchinson was a medical malpractice case involving the missed diagnosis of cancer. The Defendant called Dr. Bronson as his expert. He testified principally on the Plaintiff's chances of future melanoma. However, during his testimony he was asked by Defense Counsel, over the Plaintiff's objection, about three opinion letters from three other doctors, whom the Defendant did not call as expert witnesses. The Defendant's counsel asked Dr. Bronson about each of the letters, including the background and specialty of the individuals whom had written the letters. The three letters were all written by renown doctors in the field of cancer treatment. Finally, the Defendant's counsel asked Dr. Bronson whether his opinion regarding the Plaintiff's chances of future melanoma was consistent with the opinions expressed in the three letters. His response was "yes, very much so." Hutchinson, 927 F.2d at 725. The Plaintiff subsequently appealed the District Court's ruling allowing Dr. Bronson to testify regarding the opinions expressed in the three letters and the Second Circuit held that it was reversible error to allow Dr. Bronson's testimony:

> By asking Dr. Bronson to identify the documents, offer his own opinion regarding plaintiff's prognosis, and then state whether his opinion was consistent with those expressed in the documents, defense counsel used Dr. Bronson as a conduit for hearsay testimony. Defense counsel thereby introduced the purported opinions of Doctors Patterson, Kigel, and Karakousis, who were not disclosed as experts during discovery and whom plaintiff had no opportunity to examine.

Hutchinson, 927 F.2d at 725. The Circuit Court further held that the Plaintiff "could not cross examine the physicians to challenge their qualifications and the bases of their opinions" and

3

further "the nature of these letters could not be developed by plaintiff's counsel without running the risk of emphasizing the inadmissible opinions of the three physicians." Id. at 726. Thus, the Circuit Court concluded that by allowing Dr. Bronson to act as a conduit for inadmissible hearsay the District Court deprived the Plaintiff of a fair trial which warranted a new trial.

Other Circuit Courts of Appeals have also banned the use of expert testimony to admit evidence that would otherwise be hearsay. For example, in Shumate & Company, Inc. v. National Association of Securities Dealers, Inc., 509 F.2d 147 (5th Cir. 1975), the Fifth Circuit held that the District Court correctly precluded the Plaintiff, a broker in securities, from testifying regarding a SEC study referring to various legal opinions as to the illegality of the implementation of NASDAQ by NASD under United States antitrust laws. Shumate & Company, Inc, 509 F.2d at 156. The Circuit Court agreed with the District Court that the SEC documents were clearly inadmissible hearsay and nothing more than an attempt by the Plaintiff to bolster its case against the Defendant by having its expert testify about statements of another expert. Id.

Here, the Defendant seeks to offer testimony rejected by Second and Fifth Circuit Courts of Appeals. The Defendant may attempt to circumvent the hearsay rules and bolster its case by impermissibly piggybacking the "opinions" of Underwriters Laboratories regarding the defective light fixture through the testimony of Michael O'Boyle and John Machnicki. Any testimony by any of the Defendant's witnesses on the issue of the types of testing conducted by UL or the light fixture's compliance with UL testing is hearsay squarely within the definition of Federal Rules of Evidence Rule 801(c). This is because such testimony would be an assertion about the

4

compliance of the light or of test results, made by someone other than the witness, offered to prove the truth of the matter asserted, namely that the light fixture underwent UL testing and was found to comply with UL requirements.

Additionally, neither Mr. Machnicki nor Mr. O'Boyle did any testing on the subject fixture to determine the fixture's compliance with UL. Mr. Machnicki has testified he did no testing on the fixture, (Machnicki Depo. at 37, 117, 120-121, attached as <u>Exhibit A</u>). Mr. O'Boyle has indicated that he was not a UL employee until 1983 (O'Boyle Affidavit at Paragraph 6, attached as Exhibit D to the Defendant's Motion to Preclude T. Haynes). However, the only test records the Defendant seeks to offer into evidence reflect test results from 1978 (Plaintiff's proposed Ex. M) when Mr. O'Boyle was in High School, (O'Boyle Deposition at 45, attached as <u>Exhibit B</u>) and 1982 (Plaintiff's proposed Ex. N). Therefore, Mr. O'Boyle could not have been personally aware of the results set forth in those test records, which means that the information contained in the test records is inadmissible hearsay.

Wherefore, the Plaintiff respectfully moves to preclude the Defendant's expert witnesses, Michael O'Boyle or John Machnicki, from testifying at trial regarding UL testing of the light fixture or the light fixture's compliance with UL standards.

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

THE PLAINTIFF
SEACO INSURANCE COMPANY
a/s/o CORNER HOUSE ASSOCIATES, LLP


By_____
James L. Brawley -CT Federal Bar # 17321
Robert W. Cassot-CT Federal Bar #24094
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
(860) 616-4441

6

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was mailed, via hand delivery, to the following counsel of record this 2nd day of April, 2004:

Frederick B. Tedford, Esquire
Tedford & Henry, LLP
750 Main Street, Suite 510
Hartford, CT 06106

_____
James L. Brawley
Robert W. Cassot

7