IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | |
|---|---|
| SEACO INSURANCE COMPANY a/s/o<br>CORNER HOUSE ASSOCIATES, LLP,<br><br>Plaintiff,<br><br>v.<br><br>LIGHTOLIER, a division of GENLYTE<br>THOMAS GROUP, LLC,<br><br>Defendant. | 2004 APR -5  P 4: 04<br><br>U.S. DISTRICT COURT<br>BRIDGEPORT, CONN<br><br>CASE NO. 3:01 CV 197 (AHN)<br><br><br><br>APRIL 3, 2004 |

**DEFENDANT'S OBJECTION TO MOTION IN LIMINE TO
EXCLUDE DEFENDANT FROM INTRODUCING TESTIMONY
REGARDING THE ABSENCE OF OTHER PRIOR ACCIDENTS**

The defendant, Lightolier, a division of Genlyte Thomas Group, LLC ("Lightolier"), by and through its attorneys, Tedford & Henry, LLP, hereby objects to the plaintiff's Motion in Limine to Exclude Defendant from Introducing Testimony Regarding the Absence of Other Prior Accidents, and states as follows.

**I.   FACTUAL BACKGROUND:**

The defendant offers no additional factual information beyond that which the plaintiff has provided.

**II.   ARGUMENT:**

While the plaintiff may rightfully be concerned about testimony from Lightolier employees concerning the absence of prior incidents involving its product, that concern does not warrant the exclusion of such evidence. As properly noted by the plaintiff, the absence of prior accidents may be used to demonstrate "the absence of the defect or other condition alleged." Espeaignnette v. Gene Tierney Co., 43 F.3d 1, 9 (1st Cir. 1994). In Espeaignnette, 43 F.3d 1 (1st

Cir. 1994), cited by the plaintiff as its sole authority for the proposition that evidence of the absence of prior incidents should not be admitted, the First Circuit <u>allowed</u> evidence of such a nature to be admitted. More particularly, the defendant in <u>Espeaignnette</u> was the manufacturer of a product known as a "gang saw" or "edger," with said product allegedly causing the plaintiff's injuries. <u>Espeaignnette</u>, 43 F.3d at 10. The defendant sought to admit, and the district court allowed, evidence that there had been a lack of similar accidents involving edgers designed by the defendant manufacturer. <u>Id.</u> The <u>Espeaignnette</u> court held:

> [t]he evidence of the absence of prior accidents is clearly relevant to several disputed issues in this case. The fact that the Company had received no reports of similar accidents tends to disprove causation. That there were no similar reports of injuries due to inadvertent contact with the infeed rollers tends to support the Company's contention that it was not possible for Espeaignnette to have stumbled accidentally into the open area of the edger as he alleged. Additionally, the absence of prior accidents is probative and relevant to whether the edger as designed was unreasonably dangerous.

<u>Espeaignnette</u>, 43 F.3d at 11. In the present case, the defendant seeks to make essentially the same arguments, namely, that there has been a lack of similar fires involving the subject light fixture. That the defendant has received no reports of fires in ceiling areas being caused by its fixtures tends to disprove causation. That there are no fires occurring in such a fashion tends to support the defendant's contention that it was not possible for the subject light fixture to have ignited combustibles. Finally, the absence of prior accidents is probative and relevant to whether the light fixture as designed is unreasonably dangerous.

Granted, the absence of prior accidents may not be admitted unless the defendant first establishes that the "lack of accidents was in regard to products that are substantially identical to the one at issue and used in settings and circumstances sufficiently similar to those surrounding the [product] at the time of the accident." <u>Klonowski v. International Armament Corp.</u>, 17 F.3d 992, 996 (7th Cir. 1994). In <u>Espeaignnette</u>, the defendant testified that, since 1976, the company

2

had sold eighty-seven edgers using essentially the same open infeed-roller design. Gene Tierney, the president of the company, further testified that he would be aware of any claims or notices of accidents involving the product. Id. at 11. The Espeaignnette court found that "Tierney's testimony established that the evidence of the absence of other accidents was admissible . . . ," and noted that the plaintiff had "soundly attacked" the testimony during cross-examination as to Tierney had any knowledge as to whether any of the products had been modified or situated in a particular fashion. Id.

In this case, the defendant will offer extremely similar testimony. Upon information and belief, the defendant's witnesses will testify that more than 6,000,000 light fixtures of substantially similar design to the subject light fixture have been manufactured and distributed in the last two decades. Of that 6,000,000, there have been no claims made against Lightolier that one of its light fixtures caused a fire.[1] Moreover, the defendant will testify that its light fixtures are all traditionally utilized in the manner intended, in ceiling areas and under circumstances similar to those surrounding the subject product at the time of the accident. To require that the defendant "offer testimony as to the installation of fixtures not installed at the subject premises," as the plaintiff proposes, is ridiculous. The Espeaignnette court did not require that of the defendant in that case, and there is no authority for the proposition that the installation of 6,000,000 fixtures must be reviewed to allow evidence of the absence of prior accidents. A modicum of commonsense is required; the Espeaignnette court recognized that the likely use of the edgers manufactured by the defendant was substantially similar to the use by the plaintiff. Similarly, this court should recognize that the 6,000,000 light fixtures were likely used in the same fashion as the fixture in this case. As such, the evidence the plaintiff seeks to preclude

---

[1] While there have been approximately three or four lawsuits against Lightolier for fires allegedly caused by a light fixture, those lawsuits were not preceded by claims. Moreover, each lawsuit has been defended successfully, and no "defective product" verdict has ever resulted.

3

must be allowed. Finally, the plaintiff has ample opportunity to "soundly cross-examine" the defendant's witnesses on these points, as did the plaintiff in <u>Espeaignnette</u>. Accordingly, the motion to in limine must be denied.

    WHEREFORE, the defendant respectfully requests that this Court deny the plaintiff's Motion in Limine to Preclude Evidence of the Absence of Prior Incidents.

Date:   April 3, 2004                                              Respectfully submitted,

                                                                 Brian P. Henry (ct21109)
                                                                  Tedford & Henry, LLP
                                                                  750 Main Street, Suite 510
                                                                  Hartford, Connecticut  06103
                                                                  Phone: (860) 293-1200
                                                                  Fax:    (860) 293-0685
                                                                  Email: <u>ftedford@tedfordhenry.com</u>

                                                                  Attorneys for the Defendant

## CERTIFICATION

    I hereby certify that a copy of the foregoing was served, via U.S. Mails, proper postage affixed, on this 3rd day of April, 2004, to all counsel and *pro se* parties of record addressed to the following:

Robert W. Cassot, Esq.
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT  06103

                                                                 Brian P. Henry