IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SEACO INSURANCE COMPANY a/s/o<br>CORNER HOUSE ASSOCIATES, LLP, | |
| Plaintiff, | |
| v. | CASE NO. 3:01 CV 197 (AHN) |
| LIGHTOLIER, a division of GENLYTE<br>THOMAS GROUP, LLC, | |
| Defendant. | APRIL 2, 2004 |

**DEFENDANT'S OBJECTION TO MOTION IN LIMINE TO EXCUDE INTRODUCTION OF TESTIMONY REGARDING COMPLIANCE WITH STANDARDS**

The defendant, Lightolier, a division of Genlyte Thomas Group, LLC ("Lightolier"), by and through its attorneys, Tedford & Henry, LLP, hereby objects to the plaintiff's Motion in Limine to Exclude Defendant from Introducing Testimony Regarding Compliance With UL Standards, and states as follows.

**I.   FACTUAL BACKGROUND:**

The defendant offers no additional factual information beyond that which the plaintiff has provided.

**II.   ARGUMENT:**

The arguments negating the viability of the plaintiff's Motion are three-fold: first, the proposed testimony is not hearsay; second, if such is hearsay, then exceptions operate to allow the testimony; and third, the plaintiff's argument to exclude UL testing information belies comprehension since the plaintiff has raised the issue of UL standards through the testing undertaken by its proposed expert, Thomas Haynes.

First, evidence qualifies as "hearsay" when it is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Conn. Rules of Evidence 801(c) (2003). The testing performed by Underwriters Laboratory is <u>factual</u> information – standards relevant to the plaintiff's claim of design defect. It is not hearsay opinion testimony as the plaintiff suggests; it is factual evidence that pertains to the steps the defendant went through in its design process. Any information on the testing would not be offered to prove that the product in question is not defective; rather, the testimony would pertain to the design and testing process. Therefore, the testimony from Machnicki and O'Boyle on UL testing does not even qualify as hearsay.

Second, even if this court chooses to deem the testing information "hearsay," there are exceptions to the hearsay rule which allow the introduction of the testimony. Rule 803(17) states that "market reports, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations," are admissible hearsay. Certainly, UL testing standards are public standards, available to any product manufacturer or consumer. Moreover, the fact that the defendant's product <u>bears the UL stamp</u> is evidence that it met standards – would the plaintiff have the defendant cover up that UL stamp at trial? That stamp is published information which is generally relied upon by the public, and the testing which gives rise to that stamp is similarly admissible.

In addition, Rule 807, the "Residual Exception," allows for the introduction of the UL testing information. That rules state: "[a] statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other

evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence." In the present case, if this court believes the evidence in question to be hearsay, which the defendant challenges it should not, then the residual exception should operate to allow the testing information. As to point (A), the testimony would be offered as a material fact, i.e., that the subject fixture did undergo UL testing and what that testing consisted of. As to point (B), the testimony is the best evidence of what Lightolier did with respect to designing and producing its product. Finally, as to point (C), it is inconceivable that evidence of product design and testing is inadmissible in a product liability case. The interests of justice are only served by the allowance of such testimony.

Third, the plaintiff's proposed expert, Thomas Haynes, has testified as to UL testing standards, and conducted tests utilizing UL temperature data. The plaintiff cannot now seek to prevent UL testing information from coming into evidence when it has interjected the issue straight into this case.

In sum, Underwriters Laboratory is recognized as the foremost testing laboratory in the world. The general public relies upon the UL stamp as evidence that a product has been tested – not that the product, by definition, is safe, but that it has gone through a certain level of review. The data collected by UL is not "opinion" testimony; it is data from test results which UL conducts under certain distinct conditions. Moreover, both Michael O'Boyle and John Machnicki have intimate knowledge of those testing standards and procedures, and can clearly offer information as to those facts. That testimony is not offered to prove the truth of the matter – that the product is not defective; rather, the testimony is offered to demonstrate the design process and testing through which the subject product went.

Finally, neither of the case cited by the plaintiff, Hutchinson and Shumante, are strict products liability cases. Rather, Hutchinson v. Groskin, 927 F.2d 722 (2d Cir. 1991), was a malpractice negligence action in which it was appropriate for the Court to refuse to permit one expert witness to testify as to the opinions of three other non-testifying witnesses. Hutchinson, 927 F.2d at 725. Obviously, defense counsel in that case was attempting to bolster his own expert's opinions without producing the three other doctors for cross-examination, a tactic which was not allowed by the court. Id. Similarly, the court in Shumante & Company, Inc. v. National Association of Securities Dealers, Inc., 509 F.2d 147 (5th Cir. 1975), properly rejected the admission of testimony on a SEC study referring to legal opinions as to the illegality of the implementation of NASDAQ by the NASD under United States anti-trust laws. Id. at 156. In Shumante, the plaintiff was attempting to prove the legality of certain actions through hearsay within hearsay. Such is not the case in the present matter.

In fact, those two cited cases bear no relationship to the present set of facts and circumstances, nor the basis for the present lawsuit. As explained, the plaintiff has advanced this case as a strict products liability action, and has claimed that the defendant's product was unreasonably dangerous and defective as it was designed. Therefore, the plaintiff itself has called into question the design of the product. The design of the product, including the standards which apply to that design and the manner in which that design was arrived at, are inherent to any discussion on the appropriateness of the design. Accordingly, as the proposed testimony does not equate to hearsay testing, and as the testimony should be allowed even if it does qualify as hearsay, the plaintiff's Motion must be denied.

WHEREFORE, the defendant respectfully requests that this Court sustain its Objection to the plaintiff's Motion in Limine.

Date:   April 2, 2004                                        Respectfully submitted,

                                                                     Brian P. Henry (ct21109)
                                                                     Tedford & Henry, LLP
                                                                     750 Main Street, Suite 510
                                                                      Hartford, Connecticut 06103
                                                                     Phone: (860) 293-1200
                                                                     Fax:   (860) 293-0685
                                                                     Email: ftedford@tedfordhenry.com

                                                                   Attorneys for the Defendant

## CERTIFICATION

    I hereby certify that a copy of the foregoing was served, via U.S. Mails, proper postage affixed, on this 2nd day of April, 2004, to all counsel and *pro se* parties of record addressed to the following:

Robert W. Cassot, Esq.
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103

                                                                   Brian P. Henry