UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ATLANTIC MUTUAL INSURANCE CO.
a/s/o A.G. EDWARDS & SONS, INC.,

        Plaintiff

v.

LIGHTOLIER, a division of GENLYTE
THOMAS GROUP, L.L.C.

        Defendant        CASE NO. 3:01 CV 197 (AHN)

and

SEACO INSURANCE COMPANY a/s/o
CORNER HOUSE ASSOCIATES, LLP

        Plaintiff

v.

LIGHTOLIER, a division of GENLYTE
THOMAS GROUP, L.L.C.

        Defendant        MARCH 29, 2004

### REQUEST TO CHARGE

**I.    PRODUCTS LIABILITY:**

The first count that the plaintiff makes in this case is the claim that the defendant is liable to it under the Connecticut Product Liability Act. That Act is a statute enacted by the General Assembly. It provides that those who put defective products into the stream of commerce shall be liable to people who suffer injuries or damages resulting from those defective products. To be "liable" means to be required to pay compensation to an injured party.

1

In order to prove a claim under the Connecticut Product Liability Act, the plaintiff must prove all of the following:

- the defendant was a "product seller," within the terms of the statute;
- the product was defective in the way claimed by the plaintiff;
- the defect existed at the time the product left the defendant, and the product was expected to reach the user without substantial change in condition and did reach the user without substantial change in condition as to the feature claimed to be a defect.

**Product Seller**

A person or entity is a "product seller" if, as a manufacturer, wholesaler, distributor or retailer it is in the business of selling. If the other elements of a product liability claim are proved, a product seller is liable to any person who is injured by the product, not just to the person to whom it originally sold the product.

The defendant has admitted that it manufactured and sold the light fixture at issue in this case. I am therefore instructing you that the plaintiff has proven the first element of the this claim that the defendant is a "product seller" under the Product Liability Act.

**Existence of a defect**

In addition to proving that the defendant is a product seller, the plaintiff must prove that the light fixture is defective. The plaintiff claims that the light fixture is defective because the light fixture became hot enough to cause combustible materials that were located in the ceiling adjacent to the light fixture to reach sufficient temperatures to ignite and cause the fire  In order to prove that the product was defective, the plaintiff must prove that the condition that is claimed

2

to be a defect made the product unreasonably dangerous. A product is unreasonably dangerous, if, at the time of sale, it is defective to an extent beyond that which would be contemplated by the ordinary consumer.

### Instruction On Defect If Court Determines That No Expert Testimony Required To Establish Defect

It is not necessary that the plaintiff establish a specific defect as long as there is evidence of an unspecified dangerous condition where other identifiable causes are absent. In the absence of other identifiable causes, evidence of malfunction is sufficient evidence of defect. You may find that a dangerous condition existed based on the circumstantial evidence without considering expert testimony. The plaintiff claims that you may infer a malfunction of the light from the testimony of Mrs Drysgula that immediately prior to the fire she heard a "pop" from the subject light, the light went out, and several minutes later smoke started to come out of the light.

It is for you to decide whether this circumstantial evidence is sufficient evidence of a defect in the light or whether there are causes other than a malfunction that caused the problems with the light. In deciding whether the plaintiff has established by a fair preponderance of the evidence that the light fixture was in a defective condition, unreasonably dangerous at the time of sale, you are instructed that in the absence of other identifiable causes, mere evidence of malfunction is sufficient evidence of a defect. Further, a plaintiff in a product liability action is not required to establish a specific defect as long as there is evidence of some unspecified dangerous condition.

3

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

### Alternative Instruction If Court Determines That Expert Testimony Is Necessary To Prove Defects

The plaintiff claims, in effect, that an ordinary consumer would not expect that a light fixture would become hot enough to ignite combustible materials that were next to it in the ceiling. Specifically, the plaintiff claims that the thermal protector on the light fixture should have shut the light off before it became hot enough to start the fire. In determining the what an ordinary consumer would reasonably expect, you consider the usefulness of the product, the likelihood and severity of the danger posed by the design, the feasibility of an alternative design, the financial cost of an improved design, the ability to reduce the product's danger without impairing its usefulness or making it too expensive, and the feasibility of spreading the loss by increasing the product's price or by purchasing insurance and such other factors as a claimed defect indicates are appropriate. If you find that the product did not meet the expectations that the ordinary consumer would have in this regard, then the plaintiff has proven the existence of a product defect.

In determining whether or not there is a defect, you are instructed that a condition is so unreasonably dangerous so as to constitute a defective condition, when it is so dangerous that a reasonable person would not sell the product if he knew of the risks involved. To put it another way, a product is unreasonably dangerous if it is dangerous to the extent or to an extent beyond which it would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics.

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

A product seller, under Connecticut law, is not in the position of guaranteeing that no one will ever be injured while using its product, and a product seller is not liable for injuries simply because those injuries occurred during the use of its product.

**Absence of Substantial Change**

The plaintiff must also prove that the feature or condition that is claimed to be a defect or to make the product defective, existed at the time that the product left the defendant, and that the product was expected to reach the user without substantial change in condition as to the feature claimed to be a defect, and that the product in fact reached the ultimate user without substantial modification.

A product seller is not liable if another person (including the plaintiff) alters the product in a way that creates a defect, unless the product seller expected or reasonably should have expected such an alteration to occur. An alteration that does not substantially change the product with regard to the feature that is proven to be defective does not, however, remove the product seller's liability for the defect.

If there was a defect that was not caused by modification or alteration of the product, and if that defect was a substantial factor in causing the harm, then the product seller is liable even if modification or alteration also proximately caused the harm.

If you find that the product was modified or altered, and that the modification or alteration was the sole proximate cause of the injury to the plaintiff, the plaintiff may still recover if she proves that the alteration or modification was (1) in accordance with the product seller's

5

instructions or specifications, (2) was made with the product seller's consent or (3) was the result of conduct that the product seller reasonably should have anticipated.

If you find that the product was altered or modified, but that the alteration or modification was not the sole proximate cause of the harm to the plaintiff, and that the feature claimed to be a defect was also a cause, then the defendant would be liable to the plaintiff for the harm caused by the defect, even though the alteration or modification also played a part in causing that harm.

**Proximate Cause**

In addition to proving that the defendant was a product seller, that the product was defective in the way claimed and that the defect was present when the product left the defendant and reached the user without modification or alteration of the feature claimed to be a defect, the plaintiff must also show that the defect proximately caused the injury or loss of the same general nature as that which occurred here was likely to result from that conduct. If harm of the same general nature as that which occurred here was foreseeable, it does not matter if the manner in which the harm that actually occurred was unusual, bizarre or unforeseeable.

In summary then, as to the products liability doctrine, the plaintiff must prove by a preponderance of the evidence, first the defendant delivered the product, which was in a defective condition and unreasonably dangerous to the plaintiff. Second, the product was expected to, and did, reach the plaintiff without substantial change in the condition in which the defendant delivered it. Third, that the defective condition of the product proximately caused the plaintiff's injuries. Elliott v. Sears Roebuck and Company, 30 Conn. App. 664 (1993), Elliott v. Sears Roebuck and Company, 229 Conn. 500 (1994); Champagne v. Raybestos-

6

Manhattan, Inc., 212 Conn. 509 (1989); Potter v. Chicago Pneumatic Tool Co., 241 Conn. 199, 225 (1997); Living Learning Center, Inc. v. Greise Custom Signs, Inc., 3 Conn. App. 661, 665 (1985); Standard Structural Steel Co. v. Bethlehem Steel Corp., 597 F. Supp. 164, 183 (D. Conn. 1984).

7

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

## II.     PRODUCT LIABILITY-COMPARATIVE RESPONSIBILITY:

The defendant has claimed that the injuries and losses of which the plaintiff complains were not caused by any defect in the product (or that they were not caused solely by a defect in the product.)  Specifically, the defendant claims that plaintiff's injuries were the result of someone else's negligence.

If the plaintiff has proved that a defect in the product manufactured by the defendant was a substantial factor in producing its injuries, it may recover damages from this defendant in the same proportion as the defect contributed to causing the injuries.  If the plaintiff's own conduct was also a substantial factor in causing the injuries, the defendant is still liable to the degree that the product defect contributed to bringing about the injuries.

If you find that the plaintiff has proved that a defect in a product manufactured by the defendant was a substantial factor in causing his/her injuries and that only the product defect caused the injuries, your award against the defendant should be 100% of the damages that the plaintiff has proved it suffered as a result of the product defect.

If you find that the plaintiff has not proved that a defective product manufactured by the defendant was a substantial factor in causing its injuries, then you would find in favor of the defendant.

If you find that the defendant is liable under the Products Liability Act but that the plaintiff was also responsible and that its conduct was also a substantial factor in causing its injuries, then you must determine the percentage to which each party contributed to causing the

8

plaintiff's injuries, and award against the defendant only the percentage of the plaintiff's damages.

For example, if you found that a defect in a product for which this defendant is liable contributed 50% to causing the plaintiff's injuries, then this defendant would be liable for 50% of the damages suffered by the plaintiff. So if fair, just and reasonable compensation for all of the plaintiff's injuries and losses were, for example, $100, and a defect in the product contributed 50% to causing those injuries and losses, you would render a verdict against the defendant in the amount of $50. If a defect in the product contributed 20% to causing the plaintiff's injuries, then this defendant would be liable for 20% of the plaintiff's injuries, or $20. The percentages I have mentioned were used simply for the sake of illustration and are not meant as any indication of how you should decide the issue of causation in this case. General Statutes §52-572o; Elliott v. Sears Roebuck and Company, 229 Conn. 500 (1994); Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509 (1989); Malerba v. Cessna Aircraft Co., 210 Conn. 1899 (1989).

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

### III. CAUSATION:

The plaintiff must prove by a preponderance of the evidence that the defective light fixture manufactured by Lightolier's caused the fire which gave rise to plaintiff's loss. In considering causation you must consider actual cause; that is whether the defective light fixture manufactured by Lightolier actually caused the plaintiff's damages. The test to be applied for causation is, simply, would the actual damages have occurred absent the defective product. The connection between the defective product and the plaintiff's losses must be by a natural and unbroken sequence; that is, without any intervening causes so that you could determine that "but for" the defective product the plaintiff's alleged losses would not have occurred. If you find that the plaintiff's claimed damages would not have happened but for the defective product then you must go to the issue of what is called "proximate cause." Proximate cause is a cause that is not remote or trivial but is a substantial factor in producing the result that follows in an unbroken natural sequence. <u>Mather v. Griffin Hospital</u>, 207 Conn. 125, 130 (1988); <u>Doe v. Manheimer</u>, 212 Conn. 748, 757 (1989).

> THE PLAINTIFF
> SEACO INSURANCE COMPANY
> a/s/o CORNER HOUSE ASSOCIATES, LLP
>
> By_____
> James L. Brawley -CT Federal Bar # 17321
> Robert W. Cassot-CT Federal Bar #24094
> Morrison, Mahoney & Miller, LLP
> One Constitution Plaza, 10th Floor
> Hartford, CT 06103
> (860) 616-4441

10

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was mailed, via facsimile and U.S. mail, postage prepaid, to the following counsel of record this 29th day of March, 2004:

Frederick B. Tedford, Esquire
Tedford & Henry, LLP
750 Main Street, Suite 510
Hartford, CT 06106

**With a Courtesy Copy To:**

The Honorable Judge Alan H. Nevas
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

_____
James L. Brawley
Robert W. Cassot

11