MAR 3 0 2004

FILED

UNITED STATES DISTRICT COURT 2004 APR 21  A 8: 57
DISTRICT OF CONNECTICUT
U.S. DISTRICT COURT
BRIDGEPORT, CONN

ATLANTIC MUTUAL INSURANCE CO.
a/s/o A.G. EDWARDS & SONS, INC.,

Plaintiff

v.

LIGHTOLIER, a division of GENLYTE
THOMAS GROUP, L.L.C.

Defendant                   CASE NO. 3:01 CV 197 (AHN)

and

SEACO INSURANCE COMPANY a/s/o
CORNER HOUSE ASSOCIATES, LLP

Plaintiff

v.

LIGHTOLIER, a division of GENLYTE
THOMAS GROUP, L.L.C.

Defendant                   MARCH 29, 2004

JOINT STATEMENT OF CASE

Pursuant to Paragraph 4 of the Court's order dated October 3, 2002, the parties in the

above-captioned action hereby submit the following joint statement of the case:

A.      PARTIES AND CLAIMS ALLEGED IN COMPLAINT

The sole remaining parties in this action are Seaco Insurance Company, as subrogee of

the Corner House Associates as the plaintiff and Lightolier, a division of Genlyte Thomas Group,

L.L.C. as the defendant.   The plaintiff alleges that on or about December 28, 1999, a fire

1

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

destroyed a substantial portion of the premises known as The Corner House, located at 4 Main Street in Farmington, Connecticut.  The plaintiff alleges that fire started in the ceiling immediately adjacent to a recessed  light fixture that was manufactured by Lightolier.  The Plaintiff further alleges that the light fixture was defective in that it generated sufficient temperature to cause a fire.

**B.     CLAIMS TO BE PURSUED AT TRIAL**

Atlantic Mutual Insurance Company, as subrogee of A.G. Edwards & Sons, has withdrawn its previous claim against the defendant as a result of settlement.  Previously, the Defendant's Third Party Complaint against the Plaintiff was dismissed.  None of the current claims asserted by Seaco Insurance Company have been dismissed.  At trial, the plaintiff intends to pursue product liability claims against the defendant, Lightolier, for damage sustained to property insured by the Plaintiff.

**C.     DEFENSES TO BE PURSUED AT TRIAL**

The Defendant denies the subject light fixture is defective or that it caused the fire.

**D.     THEORIES OF CASE**

**Plaintiff's Theory**:

The Plaintiff's theory is that the fire started at the location of the light fixture in question. The fixture was manufactured by the Defendant, Lightolier.  The fixture was designed in such a manner that it was permitted to overheat, and in fact did overheat in this instance, causing the fire in question.  The Plaintiff's theory is that when the light overheated, the paper back insulation above the light caught fire through a process known as pyrolysis.  The Plaintiff claims that there

2

is a safety device inside the light known as the thermal protector.  The thermal protector is supposed to shut the light off before the light creates temperatures that are sufficient to start a fire in combustible materials that are near the light.  The Plaintiff claims that although the light created sufficient temperatures to ignite the paper backed insulation that was above the light, the thermal protector failed to shut off the light.  Because the thermal protector failed to shut off the light before it reached temperatures sufficient to start a fire, the Plaintiff claims that the light is defective.  These claim will be proven through expert testimony.

The Plaintiff claims further that the jury could conclude that light was defective without considering any expert testimony.  The Plaintiff claims that immediately before the fire an employee of A.G. Edwards, Mary Drysgula, heard the light "pop", observed the light go out and then saw smoke coming out of the light.  The Plaintiff claims that because there are no other identifiable causes of the fire, this evidence of malfunction is sufficient to prove the light was defective.  The Plaintiff claims that the eyewitness testimony of Ms. Drysgula of her observations of the light fixture immediately before the fire are sufficient to establish defect.

**Defendant's Theory**:

The Defendant, Lightolier, contends that the evidence will show that the subject light fixture is not defective and that it meets all standards which are set for it by the National Electric Code.  Further, the Defendant contends that the light fixture was not at the point of origin of the fire and did not produce sufficient heat to have been the cause of this fire.  The Defendant contends that the fire began in the lower attic and that it spread from there to the subject light and

3

to other points of the building. The Defendant also claims that if the light fixture was installed as claimed by the Plaintiff, then it was installed improperly.

**E.    PRE-TRIAL ISSUES**

The parties identify the following issues which will need to be addressed by the Court prior to the commencement of trial:

Plaintiff's List of Pretrial Issues

1.    The Plaintiff objects to any evidence that the Defendant may offer to establish that the defendant has sold a large number of similar light fixtures and the fixtures have not caused any fires. The plaintiff objects to this type of evidence on the grounds that the Defendant cannot establish that other fixtures were installed in a substantially similar manner or that other fixtures that it manufactured had the same problem with the light "flickering" in the years leading up to the fire. This type of evidence may also require the court and jury to try collateral issues concerning other fire cases in which the Defendant was involved.

2.    The Plaintiff objects to any evidence offered by the Defendant that the subject light fixture was subjected to and passed certain tests conducted by Underwriter's Laboratories. As grounds for this objection, the Plaintiff states that the Defendant has not identified any expert that was involved with any testing on the subject fixture conducted by Underwriter's Laboratories. Further, the Defendant has failed to disclose any expert that conducted the same tests on the subject light fixture that were allegedly conducted by Underwriters Laboratories. Finally, any attempt by the Defendant to offer evidence that the light passed certain testing performed by Underwriter's Laboratories is hearsay and properly excluded.

4

3.    The Plaintiff objects to the introduction of standards set by Underwriter's Laboratories as irrelevant.  The Plaintiff is alleging that the Defendant is strictly liable because the subject light fixture was defective.  The Plaintiff is not claiming that the Defendant negligently sold a defective light fixture and, therefore, the Underwriter's Laboratories standards are irrelevant.

4.    The Plaintiff objects to any expert testimony offered by Michael O'Boyle on the grounds that this witness was never identified as an expert and never provided an expert report.

5.    The Plaintiff objects to the use of the opinion of the Connecticut Supreme Court in Carroll v. Allstate, 262 Conn. 433, 815 A.2d 119 (2003), for any purpose on the grounds that the Court's opinion in that matter does not establish any facts relevant for the jury's determination of the matters in this case.  The defendant attempts to impugn the credibility of plaintiff's expert with the Carroll in its Motion To Preclude The Testimony of Plaintiff's Expert, Thomas Haynes.  A review of the Carroll case reveals that the court did not determine any issues that are relevant to Mr. Hayne's credibility and that case involved issues that are wholly different than those presented in this case.

The Defendant's List of Pretrial Issues:

1.    1.    Defendant's Motion To Preclude Plaintiff's Expert T. Haynes, dated March 26, 2004, and the Plaintiff's objection to that motion which will be filed shortly.

The parties certify that they have made a good faith effort to resolve the pretrial issues listed above, but have been unable to reach agreement.

5

THE PLAINTIFF
SEACO INSURANCE COMPANY
a/s/o CORNER HOUSE ASSOCIATES, LLP

By_____
James L. Brawley -CT Federal Bar # 17321
Robert W. Cassot-CT Federal Bar #24094
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
(860) 616-4441


THE DEFENDANT
LIGHTOLIER

By_____
Fredrick B. Tedford (Ct05335)
Tedford & Henry, LLP
750 Main Street, Suite 510
Hartford, CT 06103
Phone: (860) 293-1200
Fax:    (860) 293-0685
ftedford@tedfordhenry.com

6

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

THE PLAINTIFF
SEACO INSURANCE COMPANY
a/s/o CORNER HOUSE ASSOCIATES, LLP


By
James L. Brawley -CT Federal Bar # 17321
Robert W. Cassot-CT Federal Bar #24094
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
(860) 616-4441


THE DEFENDANT
LIGHTOLIER


By
Fredrick B. Tedford (Ct05335)
Tedford & Henry, LLP
750 Main Street, Suite 510
Hartford, CT 06103
Phone: (860) 293-1200
Fax:    (860) 293-0685
ftedford@tedfordhenry.com

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was mailed, via facsimile and U.S. mail, postage prepaid, to the following counsel of record this 29th day of March, 2004:

Frederick B. Tedford, Esquire
Tedford & Henry, LLP
750 Main Street, Suite 510
Hartford, CT 06106

_____
James L. Brawley
Robert W. Cassot

7

MORRISON, MAHONEY & MILLER, LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459