.            **UNITED STATES DISTRICT COURT**
              **DISTRICT OF CONNECTICUT**


| | |
|---|---|
| **SEACO INSURANCE CO,** | : |
| **subrogor for CORNER HOUSE** | : |
| **ASSOCIATES, LLP,** | : |
| **Plaintiff,** | : |
| **v.** | : |
| | : |
| **LIGHTOLIER, a division of** | : |
| **GENLYTE THOMAS GROUP, LLC,** | : |
| **Defendant.** | : |

**Civ. No. 3:01CV197(AHN)**


<u>**JURY INSTRUCTIONS**</u>

_____You have heard all of the evidence in the case and the final arguments of counsel.  I shall now instruct you concerning the law applicable to this case.

You must take the law as I give it to you and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  The instructions as a whole constitute the law of this case and must be applied as a whole; you should not single out any one instruction.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the instructions of the Court.  It would also be a violation of your sworn duty if you were to base any finding of fact on anything other than the evidence presented to you in this case.

<u>Juror Attentiveness</u>

It is important that you pay close attention to me now while I instruct you on the law.  I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and to observe each witness who testified.  It has been obvious to me and to counsel that you have faithfully discharged this duty.  Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention now as I instruct you on the law.

## Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or function as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or as to what your verdict should be.  However, in determining the facts, I remind you that you took an oath to render judgment impartially and fairly, solely upon the evidence in the case and applicable law.  I know that you will do this and reach a just and true verdict.

<u>Private Litigants</u>

        In this case, both the plaintiff and the defendant are
private commercial entities.  The mere fact that the litigants
here are private companies does not mean that either litigant is
entitled to any lesser consideration by you.  All litigants are
equal before the law, and private companies, big or small, are
entitled to the same fair consideration as you would give any
other individual party.

## Conduct of Counsel

It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law, and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me. You should not show any prejudice against an attorney, or his client, because the attorney objected to the admissibility of evidence, or asked the Court for a ruling on the law, or asked for a side bar conference.

In allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As I stated before, you the jury are the sole judges of the credibility of all witnesses and the weight and effect of all the evidence.

When the Court has sustained an objection to a question addressed to a witness, you must disregard the question entirely and draw no inference from the wording of it or speculate what the witness would have said if he or she had been allowed to answer.

## Burden of Proof –– General

This is a civil case and as such the plaintiff has the burden of proving the material allegations of its complaint by a "fair preponderance of the evidence," as I will explain that term to you in just a moment.

First, however, I would like to instruct you that if, after considering all of the testimony, you are satisfied that the plaintiff has carried its burden on each essential point as to which it has the burden of proof, then you must find for the plaintiff on its claims. However, if after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain its burden and you must find for the defendant.

### Burden of Proof -- Affirmative Defense

In this case, the defendant has raised the affirmative defenses of comparative negligence and misuse.  I will instruct you later on the elements of these defenses that the defendant must prove.  For now, I am instructing you that the defendant has the burden of proving these defenses "by a preponderance of the evidence," just as the plaintiff has on its claims.

If, upon consideration of all the facts on the issue of the defendant's liability, you find that the plaintiff has failed to meet its burden, then you must find in favor of the defendant and you need not consider the affirmative defenses.  If, however, you find that the plaintiff has met its burden, then you must consider whether the defendant has carried its burden of proof with respect to either of the affirmative defenses.

## Burden of Proof -- Preponderance of the Evidence

In a civil case such as this one, the party with the burden of proof on any given issue has the burden of proving every disputed element of its claim to you "by a preponderance of the evidence."  That means the evidence relating to a specific claim makes that claim more likely true than untrue.  Thus, if you conclude that the party bearing the burden of proof on a particular element of its claim has failed to establish that it is more likely true than untrue then you must decide against it on that issue.

In making this determination, you must consider the quality and persuasiveness of the evidence, not the number of witnesses or documents.  You may also consider the relevant testimony of all witnesses, regardless of which party may have called them, and all the relevant exhibits received in evidence, regardless of which party may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties -- so that it is as equally probable that one side is right as it is that the other is right -- then you must decide that issue against the party having the burden of proof.  The reason for this is that the party bearing the burden on an element of its claim must prove more than simple equality of evidence -- it must prove the element at issue "by a preponderance of the evidence."  On the other hand, remember that

8

the party with this burden of proof need not prove any element of its claim by more than a preponderance. Thus, so long as you find that the scales tip, however slightly, in favor of the party with this burden of proof, it will have proved that element by a preponderance of evidence.

Some of you may have heard of "proof beyond a reasonable doubt," which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this one, and you should put it out of your minds.

<u>"Prove" and "Find"</u>
<u>Each Element Must Be Established</u>
<u>By a Preponderance of the Evidence</u>

Throughout these instructions to you, I use the word "prove" from time to time, with reference to the plaintiff's burden.  I also speak of your "finding" various facts as to the elements of the claim and defenses that are alleged in this case.

Throughout my instructions, you should understand that whenever I say that the plaintiff or the defendant has to "prove" a fact to you, I mean that it has to prove that fact to you by a "preponderance of the evidence," as I just explained that term to you, even if I do not always repeat those exact words.

Similarly, when I say that you must "find" a fact for either party in order to prevail on its claim, you must find that fact to have been proved by either the plaintiff or the defendant "by a preponderance of the evidence," even if I simply use the word "find."

<u>What Is and Is Not Evidence</u>

The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.

What the lawyers have said in their arguments, in their objections, or in their questions, is not evidence.  It is a witness's answers that are evidence.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded by me is also not evidence and may not be considered by you in rendering your verdict.  Further, if certain testimony was received for a limited purpose -- such as for the purpose of assessing a witness's credibility -- you must follow the limiting instructions I have given with respect to that evidence.

Arguments and statements of lawyers are not evidence because the lawyers are not witnesses.  What they have said to you in their arguments is intended to help you understand the evidence and to reach your verdict.  However, if your recollection of the facts differs from a lawyer's statements, it is your recollection

11

that controls.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

Exhibits which have been marked only for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

In addition, materials brought forth only to refresh a witness's recollection are not evidence.

Moreover, what I may have said during the trial is not evidence and my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

<u>Direct and Circumstantial Evidence</u>

There are two types of evidence which you may properly use in deciding whether the defendant is liable.

One type of evidence is called direct evidence.  Direct evidence is where a witness testifies to what he or she saw, heard, or observed.  In other words, when a witness testifies about what is known to them of their own knowledge by virtue of their own senses -- what they see, feel, touch, or hear -- that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  As you were sitting here, someone walked in with an umbrella which was dripping wet.  Somebody else then walked in with a raincoat which also was dripping wet.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an

13

established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence.  Generally, the law makes no distinction between direct and circumstantial evidence, but simply requires that before finding a defendant liable, the jury must be satisfied of the defendant's liability by a preponderance of the evidence from all of the evidence in the case.

## Inference Defined (Presumptions)

During the trial as well as in these instructions, you have heard the term "inference," and you have been asked to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence.  The plaintiff asks you to draw one set of inferences, while the defendant asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.  Thus, you may draw such reasonable inferences from the facts as you find to be justified in light of your experience.

## Witness Credibility

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. As I have said, you are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues that form the basis of the plaintiff's complaint and the defendant's affirmative defenses, in the face of different scenarios presented to you by the plaintiff and the defendant. You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the

witness's testimony contradictory?  Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness's bias.  Does the witness have a relationship with the plaintiff or the defendant which may affect how he or she testified?  Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness -- consciously or not -- to give you something other than a completely accurate account of the facts he or she testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness's ability to express himself or herself.  Ask yourselves whether the witness's recollection of the facts stand up in light of all other evidence.

You must decide what is the most accurate, credible, trustworthy, and reliable evidence.  The weight of the evidence as to a particular fact is not necessarily determined by the number of witnesses or exhibits, or by which party produced the most witnesses or exhibits.  It is the quality of the evidence

that supports a finding as to a particular fact that should control, whether that evidence comes from a single source or many sources.  Thus, the number of witnesses who support a particular fact is not necessarily controlling.

In sum, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case -- just as you would in any important matter where you are trying to decide if a person is truthful -- determine whether the witness was straightforward and accurate in his or her recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

<u>Testimony of Expert Witnesses</u>

During the trial you heard the testimony of persons described as expert witnesses.  A person's training and experience may make him or her an expert in a particular field.  The law allows that person to state an opinion about matters in the field of his or her expertise.  Merely because an expert witness has expressed an opinion does not mean, however, that you must accept his or her opinion.  The same as with any other witness, it is up to you to decide whether you believe his or her testimony and choose to rely on it.  Part of the decision will depend on your judgment about whether his or her background or training and experience is sufficient for him or her to give the expert opinion that you heard.  You must also decide whether his or her opinions were based on sound reason, judgment, and information.

Conflicting Expert Testimony

The plaintiff and the defendant have both called their own expert witnesses to give their opinions as to certain aspects of this case.

You might find that the expert witnesses disagree on certain issues and that their testimonies conflicted.  It may seem strange to you that you are called to resolve a conflict between experts who disagree.  But you must remember that you are the sole triers of the facts in this case.

The way you resolve the conflict between experts is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses.  In addition, since they gave expert opinions, you should consider the soundness of each expert's opinion, the reasons for the opinion, and the witness's motive, if any, for testifying.

You may give the testimony of each expert such weight, if any, that you think it deserves in light of all the evidence.  You should not permit an expert's testimony to be a substitute for your own reason, judgment and common sense.

You may reject the testimony of any expert in whole or in part if you conclude that the reasons given in support of an opinion are unsound, or if you, for other reasons, do not believe the expert witness.  The determination of the facts in this case rests solely with you.

Impeachment by Prior Inconsistent Statement

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence of any fact at issue. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who may have contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and, whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to be given to any inconsistent statement in determining whether to believe all or part of the witness's testimony.

<u>Uncontradicted Testimony</u>

You are not required to accept testimony from any witness even if the testimony is uncontradicted and the witness is not impeached.  You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of his or her testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness -- if you believe that the witness has truthfully and accurately related what in fact occurred -- may be sufficient to convince you by a preponderance of the evidence of an essential element of what the plaintiff or the defendant must prove.

## Number of Witnesses

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.

<u>Recordings</u>

The defendant has offered evidence in the form of a tape recording of an emergency "911" call.  The use of the recording is perfectly lawful, and the defendant is entitled to use the tape recording in this case.

<u>The Plaintiff's Claim -- Products Liability</u>

The plaintiff's claim is brought under the Connecticut Products Liability Act.  Under this statute, a party may bring a products liability claim against a product manufacturer; that is, any entity that designs, assembles, fabricates, constructs, processes, or otherwise prepares a product prior to it being sold to a user or a consumer.  A product manufacturer may be found liable for property damage caused by its product even if the user of the product did not buy the product from the manufacturer, or enter into any contractual relationship with the manufacturer.

<u>Elements of a Products Liability Claim</u>

The plaintiff must prove each of the following elements of its products liability claim "by a preponderance of the evidence" in order to sustain its burden of establishing the defendant's liability:

First, that the defendant manufactured the recessed light fixture;

Second, that the light fixture was defectively designed in a way that made it "unreasonably dangerous;"

Third, that the defect existed when it left the defendant's control;

Fourth, that the light was expected to and did reach the user without substantial change to the condition in which it was sold; and,

Fifth, that the defective condition in the light fixture proximately caused the fire.

<u>First Element -- Manufacture of the Light Fixture</u>

As a first element, the plaintiff must prove by a preponderance of the evidence that the defendant manufactured the recessed light fixture at issue in this case.

The defendant has admitted that it manufactured the light fixture between 1988 and 1990 in Fall River, Massachusetts.

Thus, I instruct you that this element of plaintiff's claim is not in dispute.  You must therefore find that plaintiff met its burden of proving this element by a preponderance of the evidence.

<u>Second Element -- Existence of a Design Defect</u>

The second element that the plaintiff must prove by a preponderance of the evidence is that the light fixture was defectively designed.

Under Connecticut law, a manufacturer may be held liable for a defect in its product if that defect rendered the product "unreasonably dangerous."  A product is unreasonably dangerous if a defect made the product dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases or uses it, with the ordinary knowledge common to the community as to the product's characteristics.  A manufacturer is subject to liability for damage caused by an unreasonably dangerous product even if it has exercised all possible care in the preparation and sale of its product.  That is, the law focuses on the character of the product itself, not on the conduct of the manufacturer.  Thus, the plaintiff does not have the burden of showing that the manufacturer acted negligently or without due care in designing the fixture.  Also, it does not matter that the product might be similar to other products in the industry, or that the product might comply with industry standards.  The law in Connecticut recognizes that a product may comply with industry practices and still be unreasonably dangerous.

28

In order to find that the plaintiff has met its burden as to the second element of its claim, you must first find that a design defect existed.

If you find, by a preponderance of the evidence, that such a design defect existed you must then consider whether such a defect rendered the light fixture unreasonably dangerous; that is, more dangerous than would be expected by an average consumer who would purchase or use it, with the ordinary knowledge common to the community as to the light's characteristics.

I instruct you, however, that under Connecticut law a manufacturer of a product, such as the defendant in this case, is not a guarantor that its product is completely devoid of any danger.  Thus, a manufacturer is not liable for any and all accidents that arise or occur by reason of the use of its product.  All that a manufacturer is required to do is make a product that is free from any defect that would render the product unreasonably dangerous; in other words, more dangerous than an ordinary consumer would expect that product to be.

<u>Third Element -- Defendant's Control</u>

The third element that the plaintiff must prove is that the defect existed in the light fixture at the time it left the defendant's control.  In order to find for the plaintiff on this issue you must find that if a defect existed in the light fixture, such a defect existed at the time the light fixture was distributed, sold, or otherwise left the hands of the defendant.

<u>Fourth Element -- No Substantial Alteration or Modification</u>

The fourth element that the plaintiff must prove is that the light fixture was expected to, and did reach, the user without substantial alteration or modification from the condition in which it left the defendant's control.  Alteration or modification includes changes in a product's design, formula, function, or use from that as originally designed, tested, or intended by the product manufacturer.  Thus, the plaintiff bears the burden of proving that the fixture was expected to reach, and did reach, the ultimate user -- which in this case was the plaintiff's insured -- without substantial modification or alteration.

You cannot find the defendant liable if you find that a third-party altered the product in a way that created the defect, unless the product manufacturer expected or reasonably should have expected such an alteration to occur.  Nonetheless, a defendant does not avoid liability simply because someone else altered its product if that alteration did not substantially change the product.

Thus, in order to find that the plaintiff has met its burden as to the fourth element of its claim, you must find that it was

more likely than not that no substantial alteration or modification was made to the light fixture.  However, should you find that the light fixture was somehow modified or altered, you may still find for the plaintiff if it proves that (1) the alteration or modification was in accordance with the defendant's instructions or specifications; or (2) the alteration or modification was made with the defendant's consent; or (3) the alteration or modification was the result of conduct that should reasonably have been anticipated by the defendant.

<u>Fifth Element -- Causation</u>

To sustain its product liability claim the plaintiff must also prove by a preponderance of the evidence that the alleged defective condition in the light fixture was the legal cause of the fire.  The causal relationship between the light's defect -- if you find that one existed -- and the ignition of the fire is a fundamental element without which the plaintiff's claim must fail.  In order for you to find that the light fixture's defect was the legal cause of the fire, you must find that such defect was both the cause-in-fact and the proximate cause of the fire. The test for cause-in-fact is, simply, would the fire have occurred if not for the light fixture's defect?  The test for proximate cause is whether the light fixture's defect was a substantial factor in causing the fire.  However, in order to find that the light fixture's defect was the legal cause of the fire, you need not find that it was the sole factor in causing the fire.  That is, you may find that the light fixture's defect was the legal cause of the fire, even if such defect was one of several causes, so long as it was a substantial factor in causing the fire.

Further, evidence of causation must be sufficiently clear so that you as jurors could find legal cause without resorting to speculation or conjecture.  If you find that the plaintiff has failed to prove that the light fixture's defect was both a cause-

33

in-fact and a substantial factor in causing the fire, then you must return a verdict in favor of the defendant.

## Affirmative Defenses

_____In addition to denying that the light fixture caused the
fire, the defendant in this case has asserted the affirmative
defenses of (1) misuse, and (2) comparative negligence.

<u>Misuse</u>

The defendant has asserted the affirmative defense of misuse.  The defense of misuse is separate and distinct from the issue of whether a product has been altered or modified, and should be considered separately and independently here.  With respect to this defense, a product manufacturer is not held liable for harm that occurred due to a plaintiff's misuse. Misuse occurs when a product is used in a manner that was not intended by the manufacturer.  In order to prevail on its claim of misuse, the burden is on the defendant to prove by a preponderance of the evidence that the plaintiff's insured, Corner House Associates, misused the light fixture.  If you find, by a preponderance of the evidence, that the defendant has proved misuse, you must then determine whether such misuse was a proximate cause of the fire.

However, even if you find that the plaintiff's insured misused the light fixture and that such misuse was a proximate cause of the fire, you must also consider whether the defendant could have foreseen the misuse.  If you find that the plaintiff's insured's misuse of the light fixture was foreseeable by the defendant then you must apportion responsibility for the fire between the plaintiff and the defendant.  In apportioning responsibility between the parties, you must assign a percentage

of the responsibility for the misuse to the plaintiff, and reduce
whatever award you would have given the plaintiff, if any, by
that percentage.

<u>Comparative Negligence</u>

The defendant has also asserted the defense of comparative negligence.  In Connecticut, the user of a product has a duty to exercise reasonable care, that is, the same degree of care which an ordinary prudent person would use in the same or similar circumstances.  In order to prevail on its claim of comparative negligence, the defendant must prove by a preponderance of the evidence that the plaintiff's insured, Corner House Associates, failed to exercise the same degree of care that a reasonably prudent person would have exercised under the circumstances to protect itself from damage or harm, and that such failure to exercise reasonable care was a proximate cause of the fire.  In this case, you have heard evidence as to the plaintiff's insured's action or omissions upon observing the light fixture going on and off prior to the fire.

If you find that the plaintiff's insured failed to use reasonable care with regard to the light fixture, then you must assign a percentage of responsibility to the plaintiff for the damages that resulted from the fire.

_____

<u>Stipulation of Damages</u>

_____The parties in this case have stipulated, or agreed, to the amount of damages that the plaintiff would be entitled to recover if you were to find that the defendant's light fixture was defective and that it caused the fire.

I caution you that merely because the parties have reached such an agreement does not mean that you should find the defendant liable.  You must still consider all of the facts and weigh all of the evidence that the parties have presented to you. The purpose of the damages stipulation is simply to save you the extra step –– were you to find for the plaintiff –– of determining how much the plaintiff should be awarded.

## Note Taking

_____You were permitted to take notes during the course of the

trial, and I noticed that some of you did so.  Please keep in

mind, however, that your notes should be used only as memory

aids.  You should not give your notes precedence over your

independent recollection of the evidence.  If you did not take

notes, you should rely on your own independent recollection of

the proceedings and should not be influenced by the notes of

other jurors.

### Conclusion

_____In closing, I remind you that the plaintiff, in order to prevail, must prove all of the essential elements of the statute charged by a preponderance of the evidence.  If the plaintiff succeeds, you should find the defendant liable; if it fails, you should find the defendant not liable.  In order to return a verdict, it is necessary that each juror agree with and to it. Your verdict, in other words, must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not the defendant is liable, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors.  That is the very purpose of jury deliberation -- to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence -- if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration with your fellow jurors, of the evidence in the case.  However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to

change your view simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided.

During your deliberations you will have the exhibits with you in the jury room. If you want any of the testimony read, this can also be done. But, please remember it is not always easy to locate what you might want, so be as specific as possible in requesting portions of the testimony you may want reread.

If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing, have the foreperson sign it, and pass the note to the marshal, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you however, that in any communication you might send, you should never state or specify your numerical division at the time.

When you get into the jury room, before you begin your deliberations, you should select someone to be the foreperson. The foreperson will be responsible for signing all communications to the Court and for handing them to the marshal during your deliberations.

The Clerk will make available to you a form for reporting your verdict. The verdict form contains, among other things,

questions relating to the issue of comparative negligence.  If you find that the plaintiff has prevailed in establishing that the defendant is liable, you must then consider whether the plaintiff's damages should be reduced by any comparative fault you might have attributed to its insured.  In doing so, you must follow this two-step procedure:

First, you must determine the total amount of damages the plaintiff would receive if comparative responsibility were disregarded;

Second, you must determine the percentage of responsibility you allocate to the plaintiff on behalf of its insured and the percentage of responsibility you allocate to the defendant.

When you have reached a verdict, the foreperson should complete the form, sign it, note the date of the verdict, and inform the Court through the marshal -- who will be right outside your door.  You will then return to the courtroom where your verdict will be announced.  Your verdict will not and should not be announced anywhere else.  Please note, there is nothing suggestive about the verdict form -- it is just a way to let you return your verdict.

Now, proceed to your deliberations in the jury room, determine the facts on the basis of the evidence as you have heard it, and apply the law as I have outlined it to you.  Render your verdict fairly, uprightly and without a scintilla of

prejudice.  Take as long as you think is necessary to fairly and impartially reach your verdict.

The members of the jury may now retire to the jury room.